UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT ELECTRIC MIRROR, LLC'S MOTION TO TRANSFER (Dkt. 18, filed November 12, 2016)

## I.   INTRODUCTION

On July 27, 2016, plaintiff Avalon Glass and Mirror Company ("Avalon") filed this action in Los Angeles County Superior Court against defendants Electric Mirror, LLC and Does 1–10.  See Dkt. 1-1 ("Compl.").  Avalon asserts four claims: (1) breach of contract; (2) quantum meruit; (3) account stated; and (4) open book account.  Id.

On August 26, 2016, Electric Mirror ("EM") removed this action to this Court on the basis of diversity jurisdiction.  Dkt. 1.

On November 12, 2016, EM filed the instant motion to transfer this case to the Western District of Washington.  Dkt. 18 ("Motion").  Avalon filed its opposition on November 21, 2016, dkt. 20 ("Opp'n), and EM filed its reply on November 28, 2016, dkt. 21 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The gravamen of Avalon's underlying action is EM's failure to pay for goods purchased from Avalon.  In its complaint, Avalon alleges the following.  Avalon procures and fabricates custom mirror products in Los Angeles, California.  Compl. ¶ 7.  EM procures mirror products.  Id. ¶ 8.  On or before April 29, 2008, EM executed Avalon's Application for Credit, see dkt. 20-1 Ex A ("Application for Credit").  Compl. ¶ 9.  The Application for Credit contains a forum selection clause, which states: "If suit is brought,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

jurisdiction and venue will be in the State and County of Avalon's choice." Application for Credit at 2. Pursuant to the Application for Credit, EM purchased certain mirror products from EM. Compl. ¶ 10. However, Avalon alleges that EM has failed to pay certain invoices issued in 2016. Id. ¶ 12. As a result, on July 27, 2016, Avalon brought the instant action in Los Angeles County Superior Court seeking to recover the total amount of unpaid invoices, is $253,435.69, plus finance charges and collection costs. Id. ¶¶ 13, 20.

EM admits that it has not paid the invoices, but asserts that it does not owe EM anything because the sums listed on the invoices are setoff against the sums owed by Avalon pursuant to an earlier action filed in the U.S. District Court for the Western District of Washington ("Washington Action"). See dkt. 15 ¶ 15 ("Answer").

On May 9, 2016, prior to the filing of the instant action ("California Action"), EM filed suit against Avalon and Glasswerks LA, Inc., a glass and mirror retailer and distributor. See dkt. 18-1 Ex. A ("Wash. Compl."); Electric Mirror, v. Avalon Glass and Mirror Co., et al., No. 2:16-cv-00665-RAJ (W.D. Wash May 9, 2016), dkt. 1. In the Washington Action, EM alleges that Avalon and Glasswerks—acting in concert—sold damaged and defective mirrors to EM, resulting in damages exceeding $3 million. Wash. Comp. ¶¶ 10, 19–31. EM filed its lawsuit in Washington because the purchase orders between EM and Avalon contain a forum selection clause that provides for venue in Washington State. Motion at 1.

EM seeks to transfer the California Action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) in order to consolidate this action with the pending Washington Action. Id.

## III.   LEGAL STANDARDS

A district court where venue is otherwise proper may nonetheless transfer an action pursuant to 28 U.S.C. § 1404(a), which provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

28 U.S.C. § 1404(a). Therefore, in deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court must consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  Id.; see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000) ("the Jones Factors"); see also Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4, 2006 WL 4568799 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–279 (9th Cir. 1979). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

## IV.   DISCUSSION

The parties do not dispute that the Western District of Washington is a venue in which this case could have been initially brought. See 28 U.S.C. § 1404(a). Accordingly, the Court focuses on which forum would serve the convenience of the

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

parties and witnesses and whether the interests of justice favor transfer.  See Los Angeles Mem'l Coliseum, 89 F.R.D. at 499.

### A. The Forum Selection Clauses

Avalon argues that the Application for Credit—which contains a forum selection clause in the authorizing Avalon to select the forum—is a significant, if not controlling, factor in determining the interests of justice.  Opp'n at 7, 8–9.  EM argues that the forum selection clause in the Application for Credit is unenforceable because it is impermissibly vague and that the forum selection clause in the purchase orders supersedes the clause in the Application for Credit.  Id. at 7–9.

Both of the forum selection clauses at issue here are permissive.  The forum selection clause in the Application for Credit does not specify any jurisdiction for disputes between Avalon and EM.  The forum selection clause in the purchase orders is also permissive because it does not state that Washington is the *exclusive* forum for suits between Avalon and EM.  See dkt. 18-1 Ex. C ¶ 20 ("The Purchase Order shall be governed by the laws of the State of Washington, U.S.A., except for its provisions regarding principles of conflicts of laws, and except to the extent that federal communications law shall apply.  Any court action arising under this order shall be venued in Seattle, Washington, U.S.A., in either federal or state court, as is appropriate."); N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.").  As a result, neither clause controls the outcome of EM's motion.  See L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938–39 (C.D. Cal. 2011) ("The Court finds that the forum selection clause in this Case contains no limiting or exclusivity language; it does not name a required court, judge, or jurisdiction where the case must be heard. . . . Therefore, the Court finds the forum selection clause in the Letter Subcontract is too general to qualify as a mandatory forum selection clause."); Fin. Cas. & Sur., Inc. v. Parker, No. 4:14-cv-0360, 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014) ("District courts across the country have similarly recognized that the analysis on a motion to transfer based on a forum-selection clause begins with whether the clause is mandatory or permissive.  If the forum-selection clause is permissive, the courts have consistently declined to apply Atlantic Marine.") (collecting cases).  The Court therefore considers the interests of justice and convenience to the parties and witnesses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

### B. Interests of Justice

In addition to the Jones Factors, one additional factor that is frequently mentioned in determining the interests of justice—and that the Court focuses on here—"is the desire to avoid multiplicity of litigation resulting from a single transaction or event." Charles Alan Wright et al., 15 Fed. Prac. & Proc. Juris. § 3854 (4th ed.). The Supreme Court has suggested that substantial weight should be given to this efficiency consideration:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960). Indeed, the Supreme Court has recognized that the purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, (1964) (quotation marks omitted). Accordingly, some courts have found that while many factors may be considered in determining the interests of justice, "concerns over judicial efficiency are paramount." Hawkins v. Gerber Products Co., 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013).

Accordingly, in an effort to facilitate judicial economy and avoid multiplicity of litigation, "many courts have transferred to a forum in which other actions arising from the same transaction or event, or which were otherwise related, were pending." Alan Wright et al., 15 Fed. Prac. & Proc. Juris. § 3854, n.5 (4th ed.) (collecting cases). Relatedly, "the feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California, 503 F.2d 384, 389 (9th Cir. 1974).

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate actions if they "involve a common question of law or fact[.]" The parties dispute whether the California and Washington Actions could be consolidated, should this Court grant EM's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

motion to transfer.  According to EM, the Washington and California Actions concern the same issues because, to establish its setoff defense in the California Action, EM would have to prove Avalon's delivery of defective and damaged products—the basis of EM's claims in the Washington Action.  See Motion at 6; Reply at 2–6.  By contrast, Avalon argues that the Washington and California Actions do *not* share common questions of law or fact because the Washington Action involves different products, purchase orders, invoices, and end users than are implicated in the California Action.  Opp'n at 4–5, 10.  EM does not dispute that the California Action involves different products, orders, invoices, and end users.  But EM argues that a setoff defense does not require that cross-demands for money arise out of the same transaction.  Reply at 2, 4.  The Court agrees with EM.  "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.  The defining characteristic of setoff is that the mutual debt and claim . . . are generally those arising from *different* transactions."  Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1398 (9th Cir. 1996) (citations omitted).

   The Court finds that the California Action will necessarily address some of the same issues of fact and law as the Washington Action because EM's defense of the California Action will require EM to prove damages arising from the delivery of allegedly defective products.  Therefore, consolidation of the two Actions would be permissible, and is likely, under Rule 42.  The Court thus concludes that judicial economy weighs heavily in favor of transfer.  See Cardoza v. T-Mobile USA Inc., No. 08-cv-5120-SC, 2009 WL 723843, at *5 (N.D. Cal. Mar. 18, 2009) (despite claims not being identical, finding that the existence of pending litigation in another forum involving many common questions of law and fact "weigh[ed] heavily in favor of transfer" because consolidation still would be possible); eNom, Inc. v. Philbrick, No. 08-cv-1288-RSL, 2008 WL 4933976, at *3 (W.D. Wash. Nov. 17, 2008) ("[T]ransferring this action will likely result in consolidation of the two cases, so the issues will be tried efficiency, expeditiously, and in a cost-effective manner.").

   In addition, allowing the California and Washington Actions to proceed independently in different forums, despite the substantial overlap of issues between the two actions, presents a significant possibility of inconsistent results regarding the allegedly defective products.  Accordingly, the need to mitigate against the possibility of inconsistent judgments weighs in favor of a transfer.  See Hawkins, 924 F. Supp. 2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'   JS-6**

| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

1214 ("[C]entralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments.").

### C.   Convenience of the Parties and Witnesses

EM argues that it is more convenient for the parties and the witnesses to litigate in one forum, rather than in two. Motion at 7. EM contends that there is no added burden on Avalon to include its claims for non-payment in the Washington Action, because Avalon is already committed to traveling to Washington to defend the action there, but there *is* an added burden for EM to travel to Los Angeles to litigate the California Action. Id. at 8. In addition, EM contends that the parties will conduct "nearly the same, if not identical" discovery in the two cases, which would waste the parties and witnesses' time. Id.

Relying on Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286 (7th Cir. 1989), Avalon argues that EM has failed to meet its burden to show that transfer would promote the convenience of the parties and witnesses because EM does not proffer "any evidence pertaining to the convenience of parties or witnesses." See Opp'n at 11–12. In Heller, the Seventh Circuit held that a party seeking transfer because witnesses are beyond the trial court's reach must go "beyond vague generalizations" and must "clearly specific the key witnesses to be called and make at least a generalized statement of what their testimony would have included." 883 F.2d at 1293. Avalon also contends that it is more convenient for it to litigate the California Action in Los Angeles, where its witnesses and attorneys are located. Opp'n at 12.

The Court finds Avalon's arguments unavailing. In contrast to the defendant in Heller, EM has not vaguely argued that key witnesses are beyond this Court's reach. Rather, EM has demonstrated that there is ongoing litigation in the Western District of Washington that involves the same parties, some of the same questions of law and fact, and, as a result, some of the same discovery and witnesses. As a result, the Court concludes that EM has adequately demonstrated that the convenience factors weigh in favor of transfer. See Cluck v. IKON Office Sols., Inc., No. 11-cv-05027-JSW, 2012 WL 1610789, at *2 (N.D. Cal. May 8, 2012) ("Allowing the witnesses to appear once in a single venue is more convenient that requiring them to appear multiple times in multiple venues.") (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06444-CAS(SKx) | Date | December 12, 2016 |
| Title | AVALON GLASS AND MIRROR COMPANY v. ELECTRIC MIRROR, LLC ET AL. | | |

In addition, the Court does not defer to Avalon's choice of forum. Generally, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). "Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum." Foster v. Nationwide Mut. Ins. Co., No. 07-cv-04928-SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007). The Court agrees with EM, see Motion at 9, that forum shopping can be inferred here based on Avalon's filing this action in California Superior Court, rather than as a counterclaim in the pending Washington Action. Gen. Tire & Rubber Co. v. Watkins, 373 F.2d 361, 369 (4th Cir. 1967) ("[F]orum shopping must not be indulged in the face of multiple litigation especially where, as here, the shopper is offered an equally convenient forum."). Even if it cannot be said that Avalon has engaged in forum shopping, other considerations including the convenience of the parties, the risk of inconsistent results, and judicial economy overwhelmingly weigh in favor of transfer.

In sum, the Court finds that in order to avoid the potential for inconsistent judgments, serve the interests of justice, and facilitate both judicial economy and the convenience of the parties and witnesses in this action, transfer of this case to the Western District of Washington, where it likely will be litigated alongside the Washington Action, is appropriate under Section 1404(a).

## V.   CONCLUSION

In accordance with the foregoing, EM's motion to change venue to the U.S. District Court for the Western District of Washington is hereby **GRANTED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |